**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                              No. 99-7179

PATRICK MENDEL CURRY,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-97-248-1-5-V)

Submitted: April 10, 2000

Decided:  May 2, 2000

Before MURNAGHAN and MOTZ, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Patrick Mendel Curry, Appellant Pro Se. Douglas Scott Broyles,
OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Patrick Mendel Curry pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base. He was sentenced on June 29, 1998, and the district court entered judgment on July 25. He did not appeal. On June 24, 1999, Curry filed a motion to extend time to file a 28 U.S.C.A. § 2255 (West Supp. 1999) motion, asserting that his plea was involuntary due to ineffective assistance of counsel. On July 13, he filed a "Motion for Relief from Judgment" under Fed. R. Civ. P. 60(b), contending that his counsel failed to note an appeal after being requested to do so.

The district court denied Curry's motion for extension of time, finding that it lacked jurisdiction to extend the statute of limitations. In its order, the district court incorrectly noted that Curry's judgment was entered and became final on June 24, 1998 and, therefore, Curry's time to file a § 2255 motion expired on June 24, 1999. On the same day, the district court also denied Curry's Rule 60(b) motion. Curry timely appealed.

Section 2255 movants have one year from the date on which their judgment of conviction became final to file a motion under that statute. The earliest date on which Curry's conviction could have become final was July 25, 1998, the date of entry of judgment. See Fed. R. App. P. 4(b)(1)(A)(i); see also Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). Thus, both his motion to extend the time to file a § 2255 motion (filed June 24, 1999) and his motion to vacate (filed July 13, 1999) would have been timely filed, had they been construed as § 2255 motions.

While Curry did not label either of his filings as a § 2255 motion, Curry, a pro se litigant, was entitled to a liberal construction of his pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). In his motion to extend, he alleged that his counsel failed to fully inform him of the terms of his plea agreement. In his motion to vacate, he contended that his counsel failed to file an appeal after being requested to do so. Each of these issues states a potentially cognizable claim of ineffective assistance of counsel under § 2255. Thus, we find

2

that the district court erred by failing to construe Curry's filings as a timely § 2255 motion.

Accordingly, we vacate the district court's orders and remand with instructions to consider the case as a § 2255 motion. We express no opinion on the merits of Curry's § 2255 proceeding. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

3